**FILED**

**FEBRUARY 8, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INSPE ASSOCIATES, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| CSL BIOTHERAPIES, INC. and | ) | |
| John Does 1-10, | ) | |
| Defendants. | ) | |

# 08 C 837

**JUDGE KENDALL**
**MAGISTRATE JUDGE NOLAN**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § § 1331 and 1441, Defendant CSL Biotherapies, Inc.

("CSL"), hereby removes to the United States District Court for the Northern District of Illinois,

Eastern Division, the above-captioned putative class action, pending as Case No. 08-CH-00578

in the Circuit Court of Cook County (the "State Court Action"), and as grounds for removal,

states as follows:

      1.    On January 7, 2008, Plaintiff INSPE Associates, Ltd. ("INSPE"), filed the State

Court Action. CSL was served with the Complaint on January 14, 2008. CSL files herewith and

incorporates by reference as Exhibit A hereto a true and correct copy of all process, pleadings

and orders served upon it in the Lawsuit.

      2.    The Complaint alleges three causes of action based on INSPE's purported receipt of

unsolicited fax advertisements: Count I – violation of the Telephone Consumer Protection Act

("TCPA"), 47 U.S.C. § 227, *et seq.*; Count II – violation of the Illinois Consumer Fraud Act

("ICFA"), 815 ILCS § 505/2; and Count III – conversion.

3.    Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action because Count I arises under a federal statute, the TCPA. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005). Further, this Court possesses removal jurisdiction under 28 U.S.C. § 1441 because it has original jurisdiction over this action. *Brill*, 427 F.3d at 451 (TCPA actions are removable to federal court because "the claim arises under federal law"). *Accord G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, 2006 WL 1132386, at *2-3 (N.D. Ill. 2006) (Kocoras, C.J.) (citing *Brill* as "the only controlling authority on the issue" of federal question jurisdiction for TCPA claims); *Benedia v. Super Fair Cellular, Inc.*, 2007 WL 2903175, at *1 (N.D. Ill. 2007) (Grady, J.) (finding removal under § 1441 available for TCPA claims under *Brill*); *INSPE v. Texas DCS*, No. 1:06cv02090 (N.D. Ill. May 3, 2006) (Der-Yeghiayan, J.) (Order denying motion to remand, following removal based solely on federal question jurisdiction); *Western Ry. Devices Corp. v. Lusida Rubber Products, Inc.*, No. 1:06cv00052 (N.D. Ill. Feb. 15, 2006) (Grady, J.) (Order denying motion to remand, following removal based solely on federal question jurisdiction); *see also Italia Foods, Inc. v. Marinov Enterprises, Inc.*, 2007 WL 4117626, at*4 (N.D. Ill. 2007) (Andersen, J.) (citing Seventh Circuit law after *Brill* as allowing removal of TCPA claims based on "arising under" jurisdiction).

4.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over INSPE's ICFA and conversion claims because they are so interrelated to the TCPA claim that they form part of the same case or controversy under Article III. In addition, none of the claims raise novel or complex issues, nor do they predominate over the TCPA claim. *See* 28 U.S.C. § 1367. In addition, supplemental jurisdiction exists under 28 U.S.C. § 1441(c).

5.    This Notice is timely pursuant to 28 U.S.C. § 1446(b) because it was filed within 30 days after service of the Complaint.

6.     The Circuit Court of Cook County is located within this federal District and

Division. A copy of this Notice is being concurrently filed with the Clerk of the Circuit Court of

Cook County and is also being served on INSPE's counsel pursuant to 28 U.S.C. § 1446(a) and

(d).

Respectfully submitted,

_____
One of the attorneys for Defendant CSL
Biotherapies, Inc.

James D. Adducci
jadducci@adlmb.com
Marshall L. Blankenship
mblankenship@adlmb.com
Adducci, Dorf, Lehner, Mitchell
  & Blankenship, P.C.
150 North Michigan Avenue
Suite 2130
Chicago, IL 60601
(312) 781-2800


OF COUNSEL:

Burt M. Rublin
rublin@ballardspahr.com
Robert R. Baron, Jr.
baron@ballardspahr.com
Ballard Spahr Andrews
& Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
(215) 665-8500

Jodi R. Hill
hillj@ballardspahr.com
Ballard Spahr Andrews
& Ingersoll, LLP
3300 Tower, Suite 1800
3300 North Central Avenue
Phoenix, AZ 85012-2518
(602) 798-5472

| 2120 - Served | 2121 - Served | CCG N001-10M-1-07-05 ( | |
|---|---|---|---|
| 2220 - Not Served | 2221 - Not Served | | |
| 2320 - Served By Mail | 2321 - Served By Mail | | |
| 2420 - Served By Publication | 2421 - Served By Publication | | |
| SUMMONS | ALIAS - SUMMONS | | ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, Chancery _____ DIVISION

(Name all parties)

INSPE ASSOCIATES, LTD.,

}

No. _____

U 8 C H 0 0 5 7 8

v.

CSL BIOTHERAPIES, INC.,and JOHN DOES 1-10,

CSL Biotherapies, Inc.
c/o The Corporation Trust Company, registered agent
1209 Orange Street
Wilmington, DE 19801

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center**, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

| ☐ **District 2 - Skokie** | ☐ **District 3 - Rolling Meadows** | ☐ **District 4 - Maywood** |
|---|---|---|
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview** | ☐ **District 6 - Markham** | ☐ **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60426 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41106

Name: Edelman, Combs, Latturner, & Goodwin, LLC

Atty. for: Plaintiff

Address: 120 S. LaSalle Street

City/State/Zip: Chicago, IL 60603

Telephone: 312.739.4200

Service by Facsimile Transmission will be accepted at: _____

WITNESS, JAN 7 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
C. COOK COUNTY, ILL

Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(312)     419-0379
(Area Code)    (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, I**

EXHIBIT

A

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| INSPE ASSOCIATES, LTD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CSL BIOTHERAPIES, INC., | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

U 8CH00578

### COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1.      Plaintiff INSPE Associates, Ltd. brings this action to secure redress for the actions of defendant CSL Biotherapies, Inc. in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

1

## PARTIES

3.      Plaintiff INSPE Associates, Ltd. is a corporation with offices at 39 S. LaSalle Street, Suite 315, Chicago, IL 60603 where it maintains telephone facsimile equipment.

4.      Defendant CSL Biotherapies, Inc. is a Delaware corporation.  Its registered agent and office are The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.

5.      Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

a.      Have committed tortuous acts in Illinois by causing the transmission of unlawful communications into the state.

b.      Have transacted business in Illinois.

c.      Directly or through a subsidiary manufacture the advertised product in Illinois.

## FACTS

7.      On November 27, 2007, plaintiff INSPE Associates, Ltd. received the unsolicited fax advertisement attached as Exhibit A on its facsimile machine.

8.      Discovery may reveal the transmission of additional faxes as well.

9.      Defendant CSL Biotherapies, Inc. is responsible for sending or causing the sending of the faxes.

2

10.     Defendant CSL Biotherapies, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

11.     Each fax refers to a website used by defendant CSL Biotherapies, Inc.

12.     Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

13.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

14.     On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

15.     There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

16.     Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

## COUNT I – TCPA

17.     Plaintiff incorporates ¶¶ 1-16.

18.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

19.     The TCPA,  47 U.S.C. §227(b)(3), provides:

**Private right of action.**

3

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--

> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

20.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.

21.     Plaintiff and each class member is entitled to statutory damages.

22.     Defendants violated the TCPA even if their actions were only negligent.

23.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

24.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant CSL Biotherapies, Inc. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with

4

defendant CSL Biotherapies, Inc. or (ii) expressly consent to the receipt of advertising faxes from defendant CSL Biotherapies, Inc., and in either case were also provided an "opt out" notice that complies with federal law.

25. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

26. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b. The manner in which defendants compiled or obtained their list of fax numbers;

c. Whether defendants thereby violated the TCPA;

d. Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

e. Whether defendants thereby converted the property of plaintiff.

27. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

28. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the

5

prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

29.   Several courts have certified class actions under the TCPA.  Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 50 P.3d 844  (Ariz. App. 2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000)  (private class actions); see  State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

30.   Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.   Actual damages;

b.   Statutory damages;

c.   An injunction against the further transmission of unsolicited fax advertising;

d.   Costs of suit;

e.   Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

31.   Plaintiff incorporates ¶¶ 1-16.

6

32.    Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

33.    Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720 ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois residents.

34.    Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

35.    Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

36.    Defendants engaged in such conduct in the course of trade and commerce.

37.    Defendants' conduct caused recipients of their advertising to bear the cost thereof. This gave defendants an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail. For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting. The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink. "Receiving a junk fax is like getting junk mail with the postage due". Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

38.    Defendants' shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair. In addition, defendants' conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

39.    Defendants should be enjoined from committing similar violations in the

7

future.

## CLASS ALLEGATIONS

40.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons
(b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days
following the filing of this action, (c) were sent faxes by or on behalf of defendant CSL
Biotherapies, Inc. promoting its goods or services for sale (d) and who did not (according to
defendant's records) either (i) have an established business relationship with defendant CSL
Biotherapies, Inc. or (ii) expressly consent to the receipt of advertising faxes from defendant CSL
Biotherapies, Inc., and in either case were also provided an "opt out" notice that complies with
federal law.

41.    The class is so numerous that joinder of all members is impractical.
Plaintiff alleges on information and belief that there are more than 40 members of the class.

42.    There are questions of law and fact common to the class that predominate
over any questions affecting only individual class members. The predominant common
questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax
advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby engaged in unfair acts and practices, in
violation of the ICFA.

d.    Whether defendants thereby converted the property of plaintiff.

8

43.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

44.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

45.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a.    Appropriate damages;

    b.    An injunction against the further transmission of unsolicited fax advertising;

    c.    Attorney's fees, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems just and proper.

## COUNT III – CONVERSION

46.    Plaintiff incorporates ¶¶ 1-16.

47.    By sending plaintiff and the class members unsolicited faxes, defendants converted to their own use ink or toner and paper belonging to plaintiff and the class members.

48.    Immediately prior to the sending of the unsolicited faxes, plaintiff and the

9

class members owned and had an unqualified and immediate right to the possession of the paper and ink or toner used to print the faxes.

49.    By sending the unsolicited faxes, defendants appropriated to their own use the paper and ink or toner used to print the faxes and used them in such manner as to make them unusable. Such appropriation was wrongful and without authorization.

50.    Defendants knew or should have known that such appropriation of the paper and ink or toner was wrongful and without authorization.

51.    Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

52.    Defendants should be enjoined from committing similar violations in the future.

<h3 style="text-align:center">CLASS ALLEGATIONS</h3>

53.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date 5 years prior to the filing of this action and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant CSL Biotherapies, Inc. promoting its goods or services for sale (d) and who did not (according to defendant's records) either (i) have an established business relationship with defendant CSL Biotherapies, Inc. or (ii) expressly consent to the receipt of advertising faxes from defendant CSL Biotherapies, Inc., and in either case were also provided an "opt out" notice that complies with federal law.

54.    The class is so numerous that joinder of all members is impractical.

10

Plaintiff alleges on information and belief that there are more than 40 members of the class.

55.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

a.    Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

b.    Whether defendants thereby violated the TCPA;

c.    Whether defendants thereby committed the tort of conversion;

d.    Whether defendants thereby engaged in unfair acts and practices, in violation of the ICFA.

e.    Whether defendants thereby converted the property of plaintiff.

56.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

57.    A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

58.    Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

11

plaintiff and the class and against defendants for:

        a.      Appropriate damages;

        b.      An injunction against the further transmission of unsolicited fax

advertising;

        c.      Costs of suit;

        d.      Such other or further relief as the Court deems just and proper.


_____
Daniel A. Edelman


Daniel A. Edelman
Michelle R. Teggelaar
Julie Clark
Heather A. Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Atty. No. 41106

12

## NOTICE OF LIEN

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
&amp; GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\20791\Pleading\Complaint_Pleading.wpd

# EXHIBIT A



Introducing

# afluria.
influenza virus vaccine

# NOW AVAILABLE!
## National Influenza Vaccination Week
## November 26 – December 2

**Thimerosal-free**
**prefilled syringe**

- Thimerosal-free (mercury-free) and latex-free* (CPT*t code 90656)
- Convenient, single-use, prefilled syringe delivery
- Reliable availability throughout the flu season
- From a trusted influenza vaccine manufacturer with 40 years' experience

### Please see Order Form on next page...

For a list of authorized distributors or to order by phone, please call:
### 1-888-4FLU-OFF(1-888-435-8633)
For more information, please visit www.afluria.com

**Important Safety Information**

Afluria® is indicated for active immunization of persons age 18 and older against influenza disease caused by influenza virus subtypes A and type B present in the vaccine. The indication is based on the immune response elicited by Afluria®; no controlled clinical studies have demonstrated a decrease in influenza disease after vaccination with Afluria®.

Afluria® should not be administered to individuals with hypersensitivity to eggs or chicken protein or other components of Afluria®, or to anyone who has had a life-threatening reaction to previous influenza vaccination.

The most common injection-site adverse reactions were tenderness, pain, redness, and swelling. The most common systemic adverse reactions were headache, malaise, and muscle aches.

Vaccination with Afluria® may not protect all individuals. Immunocompromised persons may have a diminished immune response. If Guillain-Barre syndrome has occurred within 6 weeks of receipt of prior influenza vaccine, the decision to give Afluria® should be based on careful consideration of the potential benefits and risks.

Please see full prescribing information for Afluria®.

*Afluria® is also available in a latex-free, multidose vial formulation containing thimerosal as a preservative (CPT® code 90658).

**CSL Biotherapies**

**CSL Biotherapies**

# AFLURIA® ORDER FORM
### 2007–2008 Influenza Season

**Please complete this form and fax to CSL Biotherapies at 610-290-7450.**

To learn more about CSL Biotherapies and Afluria® please call 1-888-435-8633 or visit
**www.cslbiotherapies-us.com or www.afluria.com**

### PLEASE FILL OUT FORM COMPLETELY AND LEGIBLY.



Date: _____ Name of Authorized Purchasing Agent: _____
Title: _____ Telephone: _____
Fax: _____ Email: _____

## PREFERRED DISTRIBUTOR (PLEASE SELECT ONLY ONE.)

| ☐ ASD Healthcare | ☐ GPS |
|---|---|
| AmerisourceBergen Specialty Group | |
| www.asdhealthcare.com | www.gpsmedical.net |
| ASD Acct. # | GPS Acct. # |

☐ Please open a new account for my facility and send me a credit application.

Bill To: _____    Ship To: _____
Facility Name: _____    Facility Name: _____
Attention: _____    Attention: _____
Address: _____    Address: _____
City, State, ZIP: _____    City, State, ZIP: _____

| Product Description | Quantity | Price | Excise Tax | Total Cost |
|---|---|---|---|---|
| afluria Inactivated TIV  Package of ten, single-dose, 0.5-mL prefilled syringes • Thimerosal-free (mercury-free) • Latex-free • CPT** code 90655, NDC 33332-007-01 | ____ Doses | $120.00 ($12.00 per dose) | + $7.50 per box of 10 syringes | $ ____ |
| 5-mL, latex-free, multidose vial • Contains thimerosal as a preservative • Packaged in one 10-dose vial with 10 peel-off labels attached to the vial • CPT** code 90658, NDC 33332-107-10 | ____ Vials | $70.00 ($7.00 per dose) | + $7.50 per vial | $ ____ |
| | | | Grand Total | $ ____ |

Customer Signature (REQUIRED)          PO# (REQUIRED)

☐ I am interested in pre-booking for the 2008-2009 Flu Season and my preferred distributor is:
(Please print distributor name)

☐ Pre-filled Syringes _____ (# of boxes, 10 pack)    ☐ Multidose Vials _____ (# of vials)
☐ My preferred delivery time frame is _____ (month)
You will be contacted in December 2007
to discuss your pre-book.

Afluria® is thimerosal- and non-thimerosal. Unless the full cost estimate or the selected distributor. If confirmation is not received within 48 hours of placing order, please call 1-888-435-8633 or your selected distributor. A copy of the State Pharmacy license is required to be on file with the Selected Distributor before your order can be shipped. You may fax a copy of the State Pharmacy license along with this order.
☐ Check a State Pharmacy License.
*CPT is a registered trademark of American Medical Association.

**afluria**
influenza virus vaccine

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for defendant, certifies that on February 8, 2008, he caused a copy of the foregoing Notice of Removal to be served by U.S. Mail, postage prepaid, on:

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th floor
Chicago, IL 60603