IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INSPE ASSOCIATES, LTD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 08 C 837 |
| v. | ) |
| | ) Judge Kendall |
| CSL BIOTHERAPIES, INC., | ) |
| and JOHN DOES 1-10, | ) Magistrate Judge Nolan |
| | ) |
| Defendants. | ) |

## DEFENDANT CSL BIOTHERAPIES' ANSWER TO FIRST AMENDED COMPLAINT

Defendant, CSL Biotherapies, Inc. ("CSL"), by its attorneys and for its answer to the First Amended Complaint ("Amended Complaint") filed by plaintiff, INSPE Associates, Ltd. ("INSPE" or "Plaintiff"), states as follows:

### Paragraph 1

Plaintiff INSPE Associates, Ltd. brings this action to secure redress for the actions of defendant CSL Biotherapies, Inc. in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

### Answer to Paragraph 1

CSL admits that Plaintiff purports to secure redress as set forth in Paragraph 1. CSL denies that INSPE's action has merit and that INSPE is entitled to the redress it seeks, and CSL denies all liability.

### Paragraph 2

The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

**Answer to Paragraph 2**

The allegations in the first sentence of Paragraph 2 of the Amended Complaint are legal conclusions to which no response is required. CSL denies the remaining allegations contained in Paragraph 2.

## PARTIES

**Paragraph 3**

**Plaintiff INSPE Associates, Ltd. is a corporation with offices at 39 S. LaSalle Street, Suite 315, Chicago, IL 60603 where it maintains telephone facsimile equipment.**

**Answer to Paragraph 3**

CSL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

**Paragraph 4**

**Defendant CSL Biotherapies, Inc. is a Delaware corporation. Its registered agent and office are The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801.**

**Answer to Paragraph 4**

CSL admits that it is a Delaware corporation and its registered Delaware agent's office is at the address contained in Paragraph 4.

**Paragraph 5**

**Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the facsimile advertisements described below. Plaintiff does not know who they are.**

**Answer to Paragraph 5**

CSL admits that natural or artificial persons other than CSL were involved in and had responsibility for the sending of faxes for CSL. CSL is without knowledge or information sufficient to form a belief as to the truth of INSPE's allegations as to INSPE's knowledge.

2

## JURISDICTION AND VENUE

### Paragraph 6

This Court has subject matter jurisdiction under 28 U.S.C. §§1331 and 1367.

### Answer to Paragraph 6

Admitted.

### Paragraph 7

Venue and personal jurisdiction in this District are proper because:

    a.    Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b.    Have transacted business in Illinois.

### Answer to Paragraph 7

CSL denies that it committed tortious acts in Illinois. CSL admits that venue is proper in this Court.

## FACTS

### Paragraph 8

On November 21, 2007, plaintiff INSPE Associates, Ltd. received the unsolicited fax advertisement attached as <u>Exhibit A</u> on its facsimile machine.

### Answer to Paragraph 8

CSL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

### Paragraph 9

Discovery may reveal the transmission of additional faxes as well.

### Answer to Paragraph 9

CSL admits that information about Afluria was faxed to certain physicians. Answering further, CSL denies liability.

**Paragraph 10**

Defendant CSL Biotherapies, Inc. is responsible for sending or causing the sending of the faxes.

**Answer to Paragraph 10**

The allegations of Paragraph 10 are vague, undefined, and are legal conclusions to which no response is required. To the extent the allegations purport to be factual, CSL denies them as stated. Answering further, CSL denies liability.

**Paragraph 11**

Defendant CSL Biotherapies, Inc., as the entity whose products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

**Answer to Paragraph 11**

CSL admits that its product Afluria was discussed in Exhibit A to the Amended Complaint. CSL denies the remaining allegations in Paragraph 11.

**Paragraph 12**

Each fax refers to a website used by defendant CSL Biotherapies, Inc.

**Answer to Paragraph 12**

CSL admits that Exhibit A to the Amended Complaint refers to CSL Biotherapies' website. CSL does not know what INSPE means by "each" fax, and therefore denies that allegation.

**Paragraph 13**

Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

**Answer to Paragraph 13**

CSL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13.

**Paragraph 14**

On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

**Answer to Paragraph 14**

The allegations of Paragraph 14 are vague, undefined, and are legal conclusions to which no response is required. CSL denies there are "faxes" attached hereto. CSL admits that the document attached to the Amended Complaint was faxed to others.

**Paragraph 15**

On information and belief, defendants have transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

**Answer to Paragraph 15**

CSL is without knowledge or information sufficient to form a belief as the number of faxes regarding Afluria that may have been transmitted to people in Illinois. Answering further, CSL denies that it directly transmitted unsolicited faxes to INSPE or any other person in Illinois.

**Paragraph 16**

There is no reasonable means for plaintiff or other recipients of defendants' unsolicited advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

**Answer to Paragraph 16**

CSL denies the allegations in Paragraph 16.

**Paragraph 17**

Furthermore, the "opt out notice" required by the TCPA even when faxes are sent with consent or pursuant to an established business relationship was not provided in the faxes at issue.

**Answer to Paragraph 17**

The allegations of Paragraph 17 of the Amended Complaint are legal conclusions to which no response is required.

## COUNT I - TCPA

### Paragraph 18

Plaintiff incorporates ¶¶ 1-17.

### Answer to Paragraph 18

CSL incorporates by reference its responses to Paragraphs 1 through 17 of the Amended Complaint as though fully set forth herein.

### Paragraph 19

The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..."47 U.S.C. §227(b)(l)(C).

### Answer to Paragraph 19

The allegations of Paragraph 19 of the Amended Complaint are legal conclusions to which no response is required.

### Paragraph 20

The TCPA, 47U.S.C. §227(b)(3), provides:

**Private right of action.**

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-

> (A)    an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)    an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)    both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

**Answer to Paragraph 20**

The allegations of Paragraph 20 of the Amended Complaint are legal conclusions to which no response is required. CSL denies it acted willfully or knowingly.

**Paragraph 21**

**Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiff's statutory right of privacy was invaded.**

**Answer to Paragraph 21**

The allegations of Paragraph 21 of the Amended Complaint are legal conclusions to which no response is required. To the extent the allegations purport to be factual, CSL denies them.

**Paragraph 22**

**Plaintiff and each class member is entitled to statutory damages.**

**Answer to Paragraph 22**

The allegations of Paragraph 22 of the Amended Complaint are legal conclusions to which no response is required. To the extent the allegations purport to be factual, CSL denies them.

**Paragraph 23**

**Defendants violated the TCPA even if their actions were only negligent.**

**Answer to Paragraph 23**

The allegations of Paragraph 23 of the Amended Complaint are legal conclusions to which no response is required. To the extent the allegations purport to be factual, CSL denies them.

**Paragraph 24**

**Defendants should be enjoined from committing similar violations in the future.**

7

**Answer to Paragraph 24**

The allegations of Paragraph 24 of the Amended Complaint are legal conclusions to which no response is required. To the extent the allegations purport to be factual, CSL denies them.

## CLASS ALLEGATIONS

**Paragraph 25**

Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent faxes by or on behalf of defendant CSL Biotherapies, Inc. promoting its goods or services for sale.

**Answer to Paragraph 25**

CSL admits that Plaintiff purports to bring this claim on behalf of the described class, but denies that this case may be brought as a class action and denies the remaining allegations contained in Paragraph 25.

**Paragraph 26**

The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

**Answer to Paragraph 26**

The allegations of Paragraph 26 of the Amended Complaint are legal conclusions to which no response is required. To the extent they purport to be factual, CSL incorporates by reference its response to Paragraph 15 of the Amended Complaint as though set forth fully herein.

**Paragraph 27**

There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

      a.    **Whether defendants engaged in a pattern of sending unsolicited fax advertisements;**

      b.    **The manner in which defendants compiled or obtained their list of fax numbers;**

      c.    **Whether defendants thereby violated the TCPA;**

### Answer to Paragraph 27

The allegations of Paragraph 27 of the Amended Complaint are legal conclusions to which no response is required. To the extent the allegations purport to be factual, CSL denies them.

### Paragraph 28

**Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiffs counsel have any interests which might cause them not to vigorously pursue this action.**

### Answer to Paragraph 28

CSL is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28, except that it admits that counsel for Plaintiff is experienced in handling class actions.

### Paragraph 29

**A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.**

### Answer to Paragraph 29

The allegations of Paragraph 29 of the Amended Complaint are legal conclusions to which no response is required. To the extent the allegations purport to be factual, they are denied.

## Paragraph 30

Several courts have certified class actions under the TCPA. <u>Travel 100 Group, Inc. v. Empire Cooler Service, Inc.</u>, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); <u>Rawson v. C.P. Partners LLC</u>, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); <u>ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.</u>, 50 P.3d 844 (Ariz. App. 2002); <u>Core Funding Group, LLC v. Young</u>, 792 N.E.2d 547 (Ind.App. 2003); <u>Nicholson v. Hooters of Augusta, Inc.</u>, 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see <u>State of Texas v. American Blast Fax, Inc.</u>, 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

## Answer to Paragraph 30

The allegations of Paragraph 30 of the Complaint are legal conclusions to which no response is required. By way of further answer, other courts, including courts in this District, have refused to certify classes in such actions. *See, e.g., Sadowski v. Med1 Online, LLC*, 2008 WL 489360, at *4 (N.D. Ill. Feb. 20, 2008) (Aspen, J.); *G.M. Sign, Inc. v. Franklin Bank, S.S.B.*, 2007 WL 4365359, at *3 (N.D. Ill. Dec. 13, 2007) (Korcoras, J.).

## Paragraph 31

Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

## Answer to Paragraph 31

The allegations of Paragraph 31 of the Amended Complaint are legal conclusions to which no response is required. To the extent the allegations purport to be factual, they are denied.

### GENERAL DENIAL

CSL denies each and every allegation of Plaintiff's Amended Complaint not specifically admitted herein.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

## Second Affirmative Defense

The TCPA is unconstitutionally vague and unnecessarily impinges on freedom of speech rights granted by the First Amendment to the United States Constitution.

## Third Affirmative Defense

CSL exercised good faith to comply with the statute and did not willfully or knowingly violate the TCPA.

## Fourth Affirmative Defense

Any cause of action is barred by the doctrines of laches, waiver and estoppel.

## Fifth Affirmative Defense

With respect to the claim for damages, such claims are barred as unconstitutionally excessive under *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003) and *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006).

## Sixth Affirmative Defense

While CSL denies the existence of liability or damages, any liability or damages allegedly suffered by Plaintiff or others resulted from the acts and/or omissions of others, and not of CSL, and thus the acts or omissions of such others constitute the intervening and superseding causes of any alleged liability or harm.

## Seventh Affirmative Defense

Plaintiff's recovery is barred, in whole or in part, by the failure of the Plaintiff to mitigate the alleged damages.

## Eighth Affirmative Defense

There may be established business relationships with some or all of the alleged recipients.

### Ninth Affirmative Defense

CSL reserves the right to amend its Answer to add additional affirmative defenses in this action pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered Plaintiff's Amended Complaint, CSL requests that Plaintiff's Amended Complaint against CSL be dismissed with prejudice, that CSL be awarded its costs and attorneys' fees from Plaintiff, and that CSL be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: March 6, 2008

/s/ Marshall Blankenship
One of the attorneys for Defendant
CSL Biotherapies, Inc.

James D. Adducci
jadducci@adlmb.com
Marshall L. Blankenship
mblankenship@adlmb.com
Adducci, Dorf, Lehner Mitchell
 & Blankenship, P.C.
150 North Michigan Avenue, Suite 2130
Chicago, Illinois 60601
(312) 781-2800


OF COUNSEL

Burt M. Rublin
rublin@ballardspahr.com
Robert R. Baron, Jr.
baron@ballardspahr.com
Ballard Spahr Andrews & Ingersoll, LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
(215) 665-8500

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for defendant, certifies that on March 6, 2008, he caused a true and accurate copy of Defendant's Answer to Plaintiff's First Amended Complaint to be served via the CM/ECF system upon the following parties:

> Daniel A. Edelman
> courtecl@edcombs.com
>
> Cathleen M. Combs
> ccombs@edcombs.com
>
> James O. Latturner
> jlatturner@edcombs.com
>
> Dulijaza Clark
> jclark@edcombs.com

/s/ Marshall L. Blankenship