UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INSPE ASSOCIATES, LTD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 08 C 837 |
| v. ) | |
| ) | Judge Kendall |
| CSL BIOTHERAPIES, INC., ) | |
| and JOHN DOES 1-10, ) | Magistrate Judge Nolan |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
PRELIMINARY MOTION FOR CLASS CERTIFICATION**

Plaintiff INSPE Associates, Ltd., respectfully requests that this Court enter an order determining that this action may proceed as a class action. The class consists of (a) all persons (b) who, on or after January 7, 2004 (28 U.S.C. §1658), and on or before a January 27, 2008, (c) were sent faxes by or on behalf of defendant CSL Biotherapies, Inc. promoting its goods or services for sale. In support of this motion, plaintiff states:

**I.    NATURE OF THE CASE**

1.    Plaintiff brought this action after receiving an unsolicited and unwanted advertising facsimile (Exhibit A) sent by defendant, CSL Biotherapies, Inc. Plaintiff alleges that defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2.    The TCPA and implementing Federal Communications Commission regulations (Count I) make it illegal to send unsolicited advertising faxes without the recipient's "express invitation or permission" or an established business relationship. 47 U.S.C. §227. The ability to "opt out" is not sufficient.

1

## II.  REQUIREMENTS FOR CLASS CERTIFICATION

3. Federal Rule of Civil Procedure 23(a) states:

(a) **Prerequisites for the maintenance of a class action.**

**One or more members of a class may sue or be sued as representative parties on behalf of all only if:**

> (1) **The class is so numerous that joinder of all members is impracticable,**
>
> (2) **There are questions of fact or law common to the class,**
>
> (3) **The claims or defensives of the representative parties are typical of the claims defenses of the class, and**
>
> (4) **The representative parties will fairly and adequately protect the interest of the class.**

4. Further, Federal Rule of Civil Procedure 23(b)(3) provides that a class action is maintainable if the above prerequisites have been met and:

> **the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.**

5. Class actions are essential to enforce laws protecting consumers. As the Illinois Appellate Court stated in Eshaghi v. Hanley Dawson Cadillac Co., 214 Ill. App. 3d 995, 574 N.E.2d 760 (1st Dist. 1991):

> **In a large and impersonal society, class actions are often the last barricade of consumer protection. . . . To consumerists, the consumer class action is an inviting procedural device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action -- private suits or governmental actions -- have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal**

**redress, provides restitution to the injured, and deterrence of the wrongdoer.**
(574 N.E.2d at 764, 766)

6.　　In determining whether a class action will be allowed, the Court should resolve any doubt regarding the propriety of certification "in favor of allowing the class action," so that it will remain an effective vehicle for deterring corporate wrongdoing. Esplin v. Hirschi, 402 F.2d 94, 101 (10th Cir. 1968); accord, In re Folding Cartons Antitrust Litigation, 75 F.R.D. 727 (N.D. Ill. 1977). Finally, the class action determination is to be made as soon as practicable.

7.　　As demonstrated below, each of the requirements for class certification is met.

### A.　　Rule 23(a)(1) -- Numerosity

8.　　Fed. R. Civ. P. 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. Kulins v. Malco, 121 Ill. App. 3d 520, 530, 459 N.E.2d 1038 (1st Dist. 1984) (19 and 47 sufficient); Swanson v. American Consumer Industries, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); Cypress v. Newport News General & Nonsectarian Hosp. Ass'n, 375 F.2d 648, 653 (4th Cir. 1967) (18 sufficient); Riordan v. Smith Barney, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 sufficient); Sala v. National R. Pass. Corp., 120 F.R.D. 494, 497 (E.D. Pa. 1988) (40-50 sufficient); Scholes v. Stone, McGuire & Benjamin, 143 F.R.D. 181, 184 (N.D. Ill. 1992) (72 class members).

9.　　It is not necessary that the precise number of class members be known: "A

class action may proceed upon estimates as to the size of the proposed class." In re Alcoholic Beverages Litigation, 95 F.R.D. 321, 324 (E.D.N.Y. 1982). The court may "make common sense assumptions in order to find support for numerosity." Evans v. United States Pipe & Foundry, 696 F.2d 925, 930 (11th Cir. 1983). "[T]he court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential in most cases in order to reach a class determination . . . Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 Newberg on Class Actions (3d ed. 1992), §7.22.A.

10. It is reasonable to infer numerosity from the fact that defendant used unsolicited advertising faxes to generate business. It makes no economic sense to prepare and send the fax advertisement unless it is sent to hundreds or thousands of people. In this regard, companies engaged in the "fax broadcasting" business generally advertise rates of a few dollars per thousand faxes. (Exhibits B-F) An "Employee Resource Book" issued by Fax.com, the largest "fax broadcaster" until the FCC put it out of business (Exhibit G), prices faxes at $0.15 per fax if all data is supplied by Fax.com and $0.12 per fax if the client provides the data. Volume discounts are provided starting at 25,000 faxes. (Exhibit G, p. 13)

11. Thus, the fact that defendant advertised by means of unsolicited faxes makes it reasonable to infer that the faxes were sent to more than the 20-40 people necessary to satisfy the numerosity requirement. Swiggett v. Watson, 441 F. Supp. 254, 256 (D. Del. 1977) (in action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, fact that Department of Motor Vehicles issued printed form for such transfer in and of itself sufficient

to show that numerosity requirement was satisfied); Westcott v. Califano, 460 F. Supp. 737, 744 (D. Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of); Carr v. Trans Union Corp., C.A. 94-22, 1995 WL 20865, 1995 U.S. Dist. LEXIS 567 (E.D. Pa. 1995) (Fair Debt Collection Practices Act class certified regarding defendant Trans Union's transmission of misleading collection notices to consumers); Colbert v. Trans Union Corp., C.A. 93-6106, 1995 WL 20821, 1995 U.S. Dist. LEXIS 578 (E.D. Pa. 1995) (same).

    **B.**    **Rule 23(a)(2) -- Commonality; and Rule 23(b)(3) -- Common Questions of Law or Fact Predominate**

    12.    Fed. R. Civ. P. 23(a)(2) requires that there be a common question of law or fact. Rule 23(b)(3) requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members. The commonality requirement is satisfied if there are common questions linking the class members that are substantially related to the outcome of the litigation. Blackie v. Barrack, 524 F.2d 891, 910 (9th Cir. 1975). Common questions predominate if classwide adjudication of the common issues will significantly advance the adjudication of the merits of all class members' claims. McClendon v. Continental Group, Inc., 113 F.R.D. 39, 43-44 (D.N.J. 1986); Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 114 F.R.D. 48, 52 (S.D.N.Y. 1987); Spicer v. Chicago Board Options Exchange, CCH Fed.Sec.L.Rptr. [1989-90 Transfer Binder] ¶94,943, at p. 95,254 (N.D. Ill. 1990); Alexander Grant & Co. v. McAlister, 116 F.R.D. 583, 590 (S.D. Ohio 1987). The "common questions" may

be the existence and legality of a standard business practice. Haywood v. Superior Bank, 244 Ill. App. 3d 326, 614 N.E.2d 461, 464 (1st Dist. 1993); Heastie v. Community Bank of Greater Peoria, 125 F.R.D. 669, 774 (N.D. Ill. 1989). Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement . . . is usually met." Franklin v. City of Chicago, 102 F.R.D. 944, 949 (N.D.Ill. 1984); Patrykus v. Gomilla, 121 F.R.D. 357, 361 (N.D. Ill. 1988).

13. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

   b. The manner in which defendant compiled or obtained their list of fax numbers; and

   c. Whether defendant thereby violated the TCPA.

14. The class is defined in terms of persons and entities with facsimile numbers who were sent advertising faxes by defendant CSL Biotherapies, Inc. promoting its goods or services for sale. Defendant may argue that there was consent or an established business relationship with the recipients prior to the time the facsimiles at issue were sent. Defendant obviously has records of the persons with whom it does business, and since the TCPA makes it illegal to send unsolicited faxes without either an established business relationship or the recipient's express invitation or permission, defendant can reasonably be expected to maintain records of persons who consented to the receipt of what would otherwise be illegal

faxes.

15. Several courts have certified class actions under the TCPA. Sadowski v Med1Online, LLC, 2008 U.S. Dist. LEXIS 12372 (N.D. Ill. May 27, 2008); Hinman v. M & M Rental Ctr., 521 F. Supp.2d 739 (N.D. Ill. Apr. 7, 2008) (for litigation purposes); Brill v. Countrywide Home Loans, Inc., 05 C 2713 (N.D. Ill. June 28, 2006); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. Oct. 31, 2006); Transportation Institute v. Promo Dart, Inc., No. 06-2-03460-1 (King Co. Sup. Ct. Wash., Nov. 14, 2006); Kavu, Inc. v. Omnipak Corporation, 2007 U.S. Dist. LEXIS 5207, at *22-23 (W.D. Wash. Jan. 23, 2007); Gene & Gene, LLC v. Biopay, LLC, 2006 U.S. Dist. LEXIS 95082 (M.D. La. Dec. 20, 2006); Rawson v. C.P. Partners d/b/a Comfort Inn-O'Hare, 03 CH 15165 (Cook Co. Cir. Ct.); Telecommunications Design Network v. McLeodUSA, Inc., 03 CH 8477 (Cook Co. Cir. Ct.); CE Design v. The Trade Show Network Marketing Group, Inc., No. 03 CH K 964 (Cir. Ct. Kane Co., Dec. 2, 2004); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH14510 (Cook Co. Cir. Ct.); Bogot v. Olympic Funding Chicago, No. 03 CH 11887 (Cook Co. Cir. Ct.); Rawson, et. al., v. Robin Levin d/b/a The Ridgewood Organization, 03 CH 10844 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Answer Illinois, Inc., 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Murray and Trettel, Inc., 03 CH 21621 (Cook Co. Cir. Ct.) (for settlement purposes); Prints of Peace, Inc., d/b/a Printers, Inc. v. Enovation Graphic System, Inc., 03 CH 15167 (Cook Co. Cir. Ct.) (for settlement purposes); Law Office of Martha J. White, P.C. v. Morrissey Agency Inc., 03 CH 13549 (Cook Co. Cir. Ct.) (for settlement purposes); Kerschner, et. al., v. Fitness Image, Inc., Rommey Abdallah, and Bottom Line Sales Systems, Inc., 04 CH 00331 (Cook Co. Cir. Ct.) (for settlement purposes); INSPE Associates, Ltd., et al. v.

Charter One Bank, 03 CH 10965 (Cook Co. Cir. Ct.) (for settlement purposes); Bernstein v. New Century Mortgage Corp., 02 CH 06907 (Cook Co. Cir. Ct.) (for settlement purposes); Gans v Seventeen Motors, Inc., No. 01-L-478 (Ill.Cir. Ct.) (for settlement purposes); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class action); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002) (same); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003) (same); Biggerstaff v. Ramada Inn and Coliseum, 98-CP-10-004722, (S.C. C.P., Feb. 3, 2000) (same); Biggerstaff v. Marriott International, Inc., 99-CP-10-001366, (C.P. S.C., Feb 20, 2000) (same); Gold Seal v. PrimeTV, No. 49C01-0112-CP-3010 (Marion County, Indiana, August 29, 2002)(same); Jemiola v. XYZ Corp., No. 411237 (C.P. Ohio, Dec. 21, 2001)(same); Salpietro v. Resort Exchange International, No. GD00-9071 (Allegheny Co. C.P.)(same); WPS, Inc. v. Lobel Financial, Inc., No 01CP402029 (C.P. S.C., Oct. 15, 2001) (same); Kenro, Inc. v. APO Health, Inc., No. 49D12-0101-CP-000016 (Ind. Nov. 3, 2001) (same); Syrett v. Allstate Ins. Co., No. CP-02-32-0751 (S.C.C.P. Aug. 12, 2003) (same); Lipscomb v Wal-Mart Stores, Inc., No. 01-CP-20-263 (S.C.C.P. June 26, 2003) (same); Battery, Inc. v. United Parcel Service, Inc., No. 01-CP-10-2862 July 26, 2002) (same); Chaturvedi v. JTH Tax, Inc., No. CD-01-008851 (Pa. C.P. Oct 1, 2001) (same); Dubsky v Advanced Cellular Communications, Inc., No. 2004 WL 503757 (Ohio C.P. Feb. 24, 2004) (same); Inhance Corp. v. Discount Vacation Rentals, No. LALA 004377 (Iowa Dist. Jan. 5, 2001) (same); Inhance Corp. v. Special T Travel Services, Inc., No. LALA 004362 (Iowa Dist. Dec. 8, 2000) (same). Several others were certified in a Louisiana federal court, against Kappa Publishing Group, Monroe Systems, and Satellink Paging (The Advocate, Capital City Press, Dec. 28, 2005, p. 1)

8

16.     Defendant may argue that the holding of Forman v. Data Transfer, 164 F.R.D. 400, 403 (E.D. Pa. 1955), prevents class certification in this case because the class definition proposed requires an analysis into the merits of the case. However, Defendants' reliance on Forman must be and has been rejected because it would "preclude class certification on virtually any claim." Gene & Gene, LLC v. Biopay, LLC, 2006 U.S. Dist. LEXIS 95082, at *12-13 (M.D. La. Dec. 20, 2006). Accord, Lampkin v. GGH, Inc., 146 P.3d 847, 852-53 (Okla. Ct. App. Oct. 31, 2006).

### C.    Rule 23(a)(3) – Typicality

17.     Rule 23 requires that the claims of the named Plaintiff be typical of the claims of the class:

> A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory. The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citation omitted).

18. In the instant case, typicality is inherent in the class definition. By definition, each of the class members have been subjected to the same practice as the named Plaintiff, namely they were sent faxes by defendants promoting its goods or services for sale and were not provided an "opt out" notice as described in 47 U.S.C. §227.

### D.    Rule 23(a)(4) -- Adequacy of Representation

19. The adequacy of representation requirement involves two factors: (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed

litigation; and (b) the plaintiff must not have interests antagonistic to those of the class. Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992).

20. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Plaintiff's counsel's qualifications are set forth in Exhibit H. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

### E. Rule 23(b)(3) -- Class Action Is Superior to Other Available Methods of Resolving This Controversy.

21. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims is small because generally the class members are unaware of their rights and have damages such that it is not feasible for them to bring individual actions. "[O]ne of the primary functions of the class suit is to provide a device for vindicating claims which, taken individually, are too small to justify legal action but which are of significant size if taken as a group." Brady v. LAC, Inc., 72 F.R.D. 22, 28 (S.D.N.Y. 1976).

22. The special efficacy of the consumer class action has been noted by the courts and is applicable to this case:

> **A class action permits a large group of claimants to have their claims adjudicated in a single lawsuit. This is particularly important where, as here, a large number of small and medium sized claimants may be involved. In light of the awesome costs of discovery and trial, many of them would not be able to secure relief if class certification were denied . . . .**

In re Folding Carton Antitrust Litigation, 75 F.R.D. 727, 732 (N.D. Ill. 1977) (citations omitted).

Another court has noted:

10

> **Given the relatively small amount recoverable by each potential litigant, it is unlikely that, absent the class action mechanism, any one individual would pursue his claim, or even be able to retain an attorney willing to bring the action. As Professors Wright, Miller, and Kane have discussed in analyzing consumer protection class actions such as the instant one, 'typically the individual claims are for small amounts, which means that the injured parties would not be able to bear the significant litigation expenses involved in suing a large corporation on an individual basis. These financial barriers may be overcome by permitting the suit to be brought by one or more consumers on behalf of others who are similarly situated.' 7B Wright et al., §1778, at 59; see, e.g., Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 809 (1985) ('Class actions . . . may permit the plaintiffs to pool claims which would be uneconomical to litigate individually.'). The public interest in seeing that the rights of consumers are vindicated favors the disposition of the instant claims in a class action form.**

Lake v. First Nationwide Bank, 156 F.R.D. 615, 625 (E.D. Pa. 1994).

23.   Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g., for securities fraud.

WHEREFORE, plaintiff requests that the Court certify the class requested.

Respectfully submitted,

s/ Julie Clark
Julie Clark

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Julie Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)